NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER PARKER, | No. 16-55931 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:15-cv-04670-SVW-JEM |
| CITY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 5, 2018**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,*** District Judge.

Responding to a 911 call reporting an assault with a deadly weapon in Griffith

Park, Los Angeles Police Department officers briefly detained and handcuffed both

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the victim of the assault, Christopher Parker, and the assailant until officers could ascertain their roles in the incident. Parker subsequently filed this 42 U.S.C. § 1983 action against the City of Los Angeles, Sergeant David Krempa, Officer Michael Geitheim, and others. The district court granted partial summary judgment to the defendants on some of Parker's claims. A jury trial on the remaining claims resulted in a defense verdict. Parker timely appealed the district court's resulting final judgment, and we affirm.

1. The district court did not err in holding that Sergeant Krempa was entitled to qualified immunity on Parker's excessive force claim based on Sergeant Krempa's pointing of a gun. Although we have held that an officer used excessive force by detaining a suspect at gunpoint when "[t]he crime under investigation was at most a misdemeanor[,] the suspect was apparently unarmed," and "[t]here were no dangerous or exigent circumstances apparent," *Robinson v. Solano Cty.*, 278 F.3d 1007, 1014 (9th Cir. 2002) (en banc), the facts of this case are quite different. Parker met the dispatcher's description of the assailant, who was suspected of assault with a deadly weapon and thought to be armed with a knife. The district court therefore correctly found that a reasonable official in Sergeant Krempa's position would not have understood that his actions violated clearly established law. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that

right.").

2.    The district court also did not err in holding that Officer Geitheim was entitled to qualified immunity on Parker's excessive force claim based on the shove. Parker testified that Officer Geitheim applied a "little shove" or a "push-shove," "kind of like a 'sit down' kind of thing," while guiding Parker to sit on the curb. No case gave Officer Geitheim notice that his "little shove" was an unconstitutional use of force. *See Saucier v. Katz*, 533 U.S. 194, 208–09 (2001) (granting qualified immunity when officer delivered a "gratuitously violent shove" while placing a handcuffed suspect into a van); *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1113, 1117–18 (9th Cir. 2017) (finding qualified immunity when officer "kicked [the arrestee's] feet out from under him, and [the arrestee] fell face first onto the pavement").

3.    The district court did not err in granting summary judgment on Parker's claimed denial of medical care. The Fourth Amendment "requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Maddox v. City of L.A.*, 792 F.2d 1408, 1415 (9th Cir. 1986); *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1098–99 (9th Cir. 2006). Officers inquired about Parker's injury and asked whether he needed an ambulance. Parker responded equivocally, was clearly ambulatory,

3

and left the scene on his own promptly.

4. The district court did not abuse its discretion in excluding evidence of Parker's wrist injuries at trial, as that evidence was not relevant to any claim before the jury.

5. Parker argues that the district court violated its own order "exclud[ing] any evidence, testimony, or reference to who started the altercation between Parker and Martinez" by asking an investigating officer about "how the confrontation with the other person began." Even assuming the question was improper, "in order to reverse, we must find that the error affected the substantial rights of the appellant." *Obrey v. Johnson*, 400 F.3d 691, 699 (9th Cir. 2005). The officer's response that Parker had attempted to "make verbal contact" with Martinez did not affect Parker's substantial rights.

**AFFIRMED**.

4